[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Before the Court is an appeal from a decision of the Zoning Board of Review for the Town of Foster (hereinafter "Board"). Louis Vinagro, Jr. (hereinafter "Plaintiff") seeks to reverse the Board's July 8, 1992 decision dismissing plaintiff's appeal of the issuance of a Zoning Ordinance violation by the Building Official for the Town of Foster as untimely. Jurisdiction is pursuant to Rhode Island General Laws 1956 (1988 Reenactment) Section 45-24-20.
FACTS/TRAVEL
Plaintiff is the owner of a property identified as Plat 15, Lot 46 located on Round Hill Road in Foster. On July 8, 1992, Joseph T. Conlon, the Building and Zoning Official for the Town of Foster issued violation 92-6 to Plaintiff. This violation notice informed Plaintiff that he was "in violation of the Town of Foster Zoning Ordinances: Article VIII Prohibited Uses" and also stated that the prohibited uses he was engaging in were "Dumps for trash, refuse, rubbish or the like other than originating on the premises, [and] Dumps for hazardous materials." The violation notice, however, did not state what substances Plaintiff was illegally dumping on his premises. The absence of this piece of information led to a long series of correspondence between Plaintiff's attorney and the Town's Building and Zoning Official. In a letter from Nicholas Gorham, the Town's attorney, dated June 28, 1993, Plaintiff was officially informed that the basis of violation 92-6 was the dumping of "wood chips" on Plaintiff's property in Foster for a period of four months before the issuance of the violation. These wood chips were generated by a facility Plaintiff owned and operated in Johnston and were transported to his property in Foster by his own vehicles and at his own request.
It is undisputed that Plaintiff did in fact have notice of the issuance of violation 92-6 by July 16, 1992, the day he forwarded a copy of the violation to his attorney. It is also undisputed that Plaintiff did not file an appeal of violation 92-6 with the Board until July 28, 1993.
On September 8, 1993 a hearing was conducted. Finding the issue of the timeliness of Plaintiff's appeal to be dispositive, the Board did not reach the substantive issues involved but voted unanimously to reject Plaintiff's appeal as untimely filed.
The appeal before this Court follows from that decision of the Zoning Board.
STANDARD OF REVIEW
Plaintiff filed this appeal and argues that the Board's decision affirming the issuance of violation 92-6 should be reversed. The Board maintains that Plaintiff failed to appeal the issuance of the violation in a timely fashion. The Rhode Island Supreme Court has stated that the issue of timeliness of an appeal is antecedent to questions regarding the merits of the petitioner's appeal. Hardy v. Zoning Board of Review of the Townof Coventry, 113 R.I. 375, 377, 321 A.2d 289, 290 (R.I. 1974). The threshold inquiry for this Court then is the timeliness of Plaintiff's appeal to the Zoning Board.
Rhode Island General Law 1956 (1991 Reenactment) Section45-24-16 establishes the right of any aggrieved person to appeal a decision of an administrative officer to the Zoning Board of Review. This statute provides that such an appeal "shall be taken within a reasonable time, as provided by the rules of the board, by filing, with the officer from whom the appeal is taken and with the board of review, a notice of appeal specifying the grounds thereof." Id. Rule 5 of the Town of Foster Zoning Board Rules provides that such appeal must be taken within thirty days.
The Rhode Island Supreme Court in Hardy found that a period of thirty days prescribed in an ordinance constituted sufficient compliance with the statutory requirement which one seeking to claim an appeal from a decision of an administrative officer must meet, provided, however, that such period begins to run against such an appellant only at the time he becomes chargeable with knowledge of the decision from which he seeks to appeal." Id.
at 291. The court in Hardy went on to state, "We think it essential, and particularly in the regulation of land uses, that there be a definite period of time established within which a claim of appeal from such a decision must be made." Id. Thus, it is clear that a thirty day limit on the time for filing an appeal from a decision of a town's Building and Zoning Official is perfectly appropriate.
CONCLUSION
In the case at bar, the time limit prescribed by the Zoning Board Rules of the Town of Foster is thirty days. As stated above, there can be no dispute that this time constraint is in accordance with Rhode Island law. In this case, however, Plaintiff waited over a year to file his appeal, well beyond the thirty day limit prescribed by the Board's rules. Plaintiff cites no law in his brief but claims he could not appeal the issuance of violation 92-6 until July 28, 1993 as he was unable, despite repeated inquiries, to ascertain the substance of the violation until June 28, 1993. Under the Hardy decision, if Mr. Vinagro was not chargeable with knowledge of his purported violation until June 28, 1993, his filing of an appeal on July 28, 1993 would be considered within the thirty day limit prescribed by Foster's Zoning Board Rules and the dismissal of his appeal by the Board would have to be reversed. The Court, however, does not find merit in the argument that Plaintiff lacked knowledge of his violation until June, 1993.
In a letter dated July 8, 1992, Joseph T. Conlon, Jr., Foster's Building and Zoning Official, informed Plaintiff that he was violating the town's ordinances for operating an illegal dump. Plaintiff has acknowledged that he received this letter by July 16, 1992. Thus, Plaintiff knew a violation had been issued against him by July 16, 1992, at the latest, and knew that the reason for the issuance of this violation was the decision of the Building and Zoning Official that Plaintiff was operating an illegal dump. While it is true that Plaintiff was not officially notified as to the substances he was illegally dumping until June 28, 1993, Plaintiff was well aware that a violation had been issued against him long before that date. It is difficult to fathom the Plaintiff's argument that he did not actually know what substances he was illegally dumping until so informed by the town when it appears from the information before the Court that the wood chip material was being dumped on Plaintiff's property by the truckload for several months before the violation was issued. This being the case, the Court finds that the Plaintiff was chargeable with knowledge of the violation issued against him by July 16, 1992, at the latest, and that the latest possible date on which Plaintiff could have filed a valid appeal to the Board would have been August 16, 1992. Plaintiff, however, did not file his appeal to the Board until July 28, 1993. It is quite clear that the filing of the appeal on July 28, 1993 was well outside of the thirty day limit provided in Rule 5 of the Foster's Zoning Board Rules.
After a review of the record, this Court finds that the decision of the Board is supported by credible, probative, and substantial evidence. Accordingly, the decision of the Zoning Board of Review for the Town of Foster is affirmed.
Counsel shall submit the appropriate order for entry.